IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:23-CR-66-KAC-DCP |
| RICHARD HEATH MARSH, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), to address the Defendant's Motion to Reconsider the Order of Detention Pending Trial [Doc. 15].

For the reasons set forth below, the Motion to Reconsider the Order of Detention Pending Trial [**Doc. 15**] is **DENIED**.

## **PROCEDURAL HISTORY**

The Defendant was charged, by way of a Criminal Complaint [Doc. 3] with violations of federal firearms laws. At his initial appearance the Government requested that the Defendant be detained, and the Defendant requested a detention hearing.

The undersigned conducted the detention hearing on May 22, 2023. At the outset of the hearing, the Defendant and the Government stipulated that the rebuttable presumption under 18 U.S.C. § 3142(f)(1)(e) was applicable [Doc. 14]. The Court then took proffers from counsel, received six exhibits, over no objections, and heard arguments of the parties.

The Court filed the Order of Detention [Doc. 14] on May 30, 2023.

Exhibit 5 to the detention hearing is the Amended Pretrial Services Report. In this Report, the United States Probation Office recommends detention. The Report also advises that the

Defendant tested positive for illegal drugs, including methamphetamine. The Defendant denied using methamphetamine, and as the Detention Order notes, his samples were sent to a laboratory for further testing. After the filing of the Order of Detention, the Court learned that the laboratory did confirm a positive result for methamphetamine.

The Defendant's Motion to Reconsider the Order of Detention Pending Trial [Doc. 15] followed. The Government filed a Response in Opposition on June 5, 2023 [Doc. 16]. On June 7, 2023, the Grand Jury indicted the Defendant on five counts of federal firearms offenses under 18 U.S. C. §§ 922, 923, 924, and 933, and 26 U.S.C. § 5841, 5861(d), 5871, 5812, and 5861(e) [Doc. 17].

## POSITIONS OF THE PARTIES

The Defendant and the Government state that they incorrectly agreed, at the detention hearing, that the rebuttable presumption under 18 U.S.C. § 3142(f)(1)(e) applied. They now agree that it was error for the Court to apply the presumption, and that the Court must re-evaluate detention without any consideration of the presumption. The Defendant asks the Court for release on conditions. The Government, citing *United States v. Kyle*, 49 F.Supp. 2nd 526, 528 (W.D. Tx 1999), argues that the Court's error was harmless, and that the Court found ample grounds for detention, independent of the presumption.

## ANALYSIS

The Court agrees with the parties on the threshold issue. The rebuttable presumption should not have been considered by the Court as part of the ruling on the matter of detention. The Court committed an error by doing so. Accordingly, the Court has re-evaluated the detention of the Defendant and finds that the error was harmless as to the ultimate ruling that the Defendant must be detained.

The nature and circumstances of the offenses involve numerous firearms violations and involve at least one machine gun (Exhs. 1, 3). The illegally trafficking of firearms is inherently dangerous, and in the present case, the Defendant's trafficking was connected to several crimes (Exh. 2). The weight of the evidence is strong. And the nature and seriousness of the Defendant's dangerousness supports detention.

The personal characteristics and history of the Defendant also support detention. The Defendant tested positive for methamphetamine. The acquisition and consumption of illegal drugs is inherently dangerous. The Defendant appears to have a stable residence, living with his mother. However, evidence presented at the detention hearing, showed that the Defendant committed firearms trafficking out of his residence (Exh. 3). Therefore, the Defendant's request to reside at that residence on release is not well-taken.

The Court finds that the Defendant is not a risk of flight.

The Court finds that the Defendant, by clear and convincing evidence, is a danger to the community, and that no condition or combination of conditions of release will reasonably assure the safety of the community and any other person. 18 U.S.C. § 3142(e)(1).

## **CONCLUSION**

The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government,

the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Motion to Reconsider the Order of Detention Pending Trial [**Doc. 15**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
H. Bruce Guyton
United States Magistrate Judge (Recalled)